# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JIMMY LEE BOSTON
    Petitioner,

v.                                                                           CASE NO. 8:16-cv-1827-T-24TBM
                                                                                                         8:06-cr-259-T-24MSS

UNITED STATES OF AMERICA

_____/

## **ORDER**

This case is before the Court on Petitioner Jimmy Lee Boston's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Civ. Doc. 1), Memorandum of Law in Support (Civ. Doc. 14), the Government's response (Civ. Doc. 20), and Petitioner's reply (Civ. Doc. 24). After due consideration, the Court finds that an evidentiary hearing is not necessary, and Petitioner's motion should be denied.

**I. Background**

Petitioner was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (count one) and of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 924(a)(1)(B). On February 21, 2007, the Court sentenced Petitioner as an armed career criminal to a term of

imprisonment of 262 months.[1] Petitioner appealed and the Eleventh Circuit affirmed. Petitioner then filed a petition for Writ of Certiorari, which the Supreme Court denied. Petitioner filed a 28 U.S.C. § 2255 motion that was denied by this Court on October 7, 2008. Petitioner then filed a second § 2255 motion that this Court dismissed on September 25, 2013. The Eleventh Circuit granted Petitioner's application for leave to file a second or successive § 2255 motion on May 27, 2016, finding that he had made a prima facie showing that the new rule of constitutional law announced in *Johnson* applied to him. Thereafter, Petitioner, who is represented by counsel, filed the instant motion.

**II. Discussion**

Petitioner argues that his sentence as an armed career criminal was imposed in violation of the Constitution and laws of the United States and should be vacated. His claim is based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague, a decision that was made retroactive on collateral review by the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257 (2016). Petitioner submits that the Florida felony convictions which served as

---

[1] The Pre-sentence Investigation Report ("PSR") recommended that Petitioner be treated as an armed career criminal under the Armed Career Criminal Act and stated Petitioner had been convicted of a least three prior violent felony convictions. The PSR did not state which of Petitioner's prior convictions it was relying on. Petitioner had eight prior state of Florida convictions for armed robbery or principal to armed robbery, as well as numerous other felony convictions.

predicate offenses for his sentencing under the ACCA no longer qualify as "violent felonies" and that his ACCA sentence must be vacated.

In response, the Government makes several arguments as to why the motion should be denied. First, the Government argues that Petitioner must prove that he was sentenced under the residual clause to obtain relief, and Petitioner has not shown and cannot show that he was sentenced using the ACCA's now unconstitutional residual clause rather than under the enumerated offense or elements clauses that *Johnson* did not disturb. Next, the Government argues Petitioner's claim is procedurally defaulted, and finally, that his claim is meritless. Because this Court agrees that Petitioner's claim is meritless, it will not address the Government's other arguments.

## **Armed Career Criminal Act**

At sentencing, the Court found Petitioner was an armed career offender. Although neither the Court nor the PSR stated at sentencing which of his numerous prior convictions provided the three predicate convictions for his ACCA sentence, Petitioner has at least three prior Florida state convictions for a violent felony that satisfy the ACCA after *Johnson.*

### Armed Robbery

Petitioner's two convictions for armed robbery qualify as crimes of violence under the elements clause of the ACCA. Petitioner was convicted of two armed robberies in violation of Florida Statute § 812.13 (Case No. 83-141 and Case No. 83-1780) on April 9,

1984. The robberies occurred on separate dates, October 9, 1983 and October 7, 1983. The Eleventh Circuit has clearly determined that armed robbery under Florida Statute § 812.13 is a "violent felony" under the elements clause of the ACCA. *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006); *United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011); *United States v. Seabrooks*, 839 F.3d 1326, 1338–1345 (11th Cir. 2016); *United States v. Fritts*, 841 F.3d 937, 944 (11th Cir. 2016), Furthermore it makes no difference that Petitioner committed the robberies in the 1980s. *Fritts*, 841 F.3d at 942–43, *Robinson v. State*, 692 So. 2d 883, 886 (Fla. 1997).

<u>Principal to Armed Robbery</u>

Petitioner has six other robbery convictions committed on different dates, in which the judgments describe the crimes as "principal to robbery with a firearm." However, two of the judgments only reference Florida Statute § 812.13, the robbery statute, while four reference Florida Statute § 777.011, the principal liability statute.

**Case No. 89-1165**: The Judgment reflects a plea to and a conviction for the crime of principal to robbery with a firearm and the offense statute number as § 812.13, a first degree felony. The Information alleges an armed robbery of a Domino's Pizza in violation of Florida Statute § 812.13. Petitioner's co-defendant is alleged to have possessed the firearm.

**Case No. 89-1174**: The Judgment reflects a plea to and a conviction for the crime of principal to robbery with a firearm and the offense statute number as § 777.011, a first

degree felony. The Information alleges the aiding and abetting of the robbery of a Circle K in violation of Florida Statute § 777.011.

**Case No. 89-1323**: The Judgment reflects a plea to and a conviction for the crime of principal to robbery with a firearm and the offense statute number as § 777.011, a first degree felony. The Information alleges the aiding and abetting of the robbery of Domino's Pizza in violation of Florida Statute § 777.011.

**Case No. 89-1325**: The Judgment reflects a plea to and a conviction for the crime of principal to robbery with a firearm and the offense statute number as § 777.011, a first degree felony. The Information alleges the aiding and abetting of the robbery of a Circle K in violation of Florida Statute § 777.011.

**Case No. 89-1327**: The Judgment reflects a plea to and a conviction for the crime of principal to robbery with a firearm and the offense statute number as § 777.011, a first degree felony. The Information alleges the aiding and abetting of a robbery with a firearm of Domino's Pizza in violation of Florida Statute § 777.011.

**Case No. 89-1594**: The Judgment reflects a plea to and a sentence for the crime of principal to robbery with a firearm and the offense statute number as § 812.13, a first degree felony. The Information alleges an armed robbery of a Gulf Oil Company property in violation of Florida Statute § 812.13. Petitioner's co-defendant is alleged to have possessed the firearm.

The Petitioner admits that he has two robbery convictions but argues the remainder are principal to robbery convictions which are not crimes of violence, and therefore, he does not have the three necessary predicates for an ACCA sentence. The Government in response argues that Petitioner has four prior convictions for armed robbery under Florida Statute § 812.13 that are violent felonies, and in addition, his four convictions for principal to robbery under Florida statute § 777.01 satisfy the ACCA's elements clause.

The Government is right as to both arguments. Two of Petitioner's Judgments (Case Nos. 89-1165 and 89-1594) list only § 812.13, the Florida Robbery Statute, as the statute of conviction. In addition, the charging documents (information) from those two convictions only refer to a violation of § 812.13 and do not reference aiding and abetting or section § 777.01. Therefore, Petitioner has four prior robbery convictions under Florida Statute § 812.13 and the necessary predicate convictions for sentencing under the ACCA.

In addition, Petitioner's four other convictions under § 777.011 (Case Nos. 89-1174, 89-1323, 89-1325 and 89-1327) satisfy the elements clause of the ACCA. Petitioner's convictions for principal to armed robbery or aiding and abetting an armed robbery have as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U. S. C. § 924(e)(2)(B)(i). The Eleventh Circuit has held that a conviction under Florida's robbery statute is a conviction for a violent felony under the ACCA's elements clause. Aiding and abetting permits one to be found guilty as a principal for aiding and abetting someone else in the commission of an offense and is

punishable as a principal. The Eleventh Circuit has also held that a conviction for Hobbs Act robbery is a conviction for a crime of violence under the ACCA and that one who aides and abets in a Hobbs Act robbery necessarily commits all the elements of a Hobbs Act robbery and such a conviction qualifies as a crime of violence. *In re Edgar Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). The same reasoning should hold true with respect to a conviction for aiding and abetting an armed robbery under Florida Statute § 777.011. However as explained above, even if Petitioner's convictions under Florida statute § 777.011 do not qualify as crimes of violence under the ACCA's elements clause, Petitioner still has four convictions for armed robbery under Florida statute § 812.13 which qualify as predicates for sentencing under the ACCA.

### III. Conclusion

The Court recognizes that the Government has made two additional arguments as to why Petitioner's motion should be denied or dismissed. The Court will not address the Government's arguments that Petitioner has not met his burden of proving he was sentenced using the residual clause or that the residual clause affected his sentence or the Government's argument that Petitioner's claim is procedurally defaulted. As stated above, however, Petitioner is not entitled to relief based on the merits of his claims.

Petitioner has at least three prior felony convictions that satisfy the ACCA after *Johnson*. Therefore, for the reasons stated above, Petitioner's claim that his sentence

should be vacated because it was imposed in violation of the Constitution and the laws of the United States is denied.

**ACCORDINGLY**, for the reasons expressed, it is **ORDERED AND ADJUDGED** that:

(1) Petitioner's Motion to Vacate (CV-Doc. 1; CR-Doc. 34) is **DENIED**.

(2) The Clerk is directed to enter judgment for the United States in the civil case and then to **CLOSE** the civil case.

**CERTIFICATE OF APPEALABILITY DENIED**

Petitioner is not entitled to a certificate of appealability. He has not shown that reasonable jurists would debate that he has made a substantial showing of the denial of a constitutional right. 28 U.S.C.§ 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the same reason he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on June 30, 2017.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record